UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MCAFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-526 SRW |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Michael McAfee brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $39.13. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner at Southeast Correctional Center ("SECC") in Charleston, Missouri. ECF No. 1 at 1-2. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $195.67. ECF No. 3. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $39.13, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Plaintiff's Litigation Background[1]

Plaintiff is a convicted and incarcerated state prisoner.  Some background on his litigation history is helpful to understanding the allegations of his complaint.  Plaintiff was convicted in Missouri state court on November 4, 2016, of first-degree murder and armed criminal action. *State v. McAfee*, No. 15SL-CR02152-01 (21st Jud. Cir., 2015).  Plaintiff was sentenced on December 8, 2016, to life imprisonment without the possibility of parole on the first-degree murder charge, and life imprisonment on the armed criminal action charge.  He appealed and on February 6, 2018, the Missouri Court of Appeals affirmed the judgment of the circuit court. *State v. McAfee*, No. ED105129 (Mo. App. 2018).  Plaintiff's subsequent application to transfer his case to the Missouri Supreme Court was denied on May 22, 2018. *State v. McAfee*, No. SC97061 (Mo. 2018).

On August 7, 2018, Plaintiff filed a timely motion to vacate, set aside, or correct judgment or sentence, pursuant to Missouri Supreme Court Rule 29.15. *McAfee v. State*, No. 18SL-CC02954 (21st Jud. Cir., 2018).  Following an evidentiary hearing, the circuit court denied Plaintiff's Rule

---

[1] This summary only contains information relevant to this case.  For a more complete and detailed background on Plaintiff, see the Court's Memorandum and Order dismissing Plaintiff's case in *McAfee v. Missouri*, No. 1:22-cv-161-SRW, ECF No. 6 at 1-3 (E.D. Mo. Feb. 22, 2023).  The Court takes judicial notice of public records from Case.net, Missouri's online case management system. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

29.15 motion on April 15, 2020. Plaintiff appealed the denial of his Rule 29.15 motion to the Missouri Court of Appeals. The Court of Appeals affirmed the judgment of the circuit court on April 20, 2021. *McAfee v. State*, No. ED109000 (Mo. App. 2021). The mandate was issued on May 13, 2021.

On June 11, 2021, Plaintiff filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *McAfee v. Stange*, No. 1:21-cv-90-SRC (E.D. Mo. 2021). On November 23, 2021, the Court denied Plaintiff's petition for writ of habeas corpus, dismissed the petition with prejudice, and denied a certificate of appealability. Petitioner appealed the dismissal of his 28 U.S.C. § 2254 petition to the United States Court of Appeals for the Eighth Circuit. On April 26, 2022, the Court of Appeals denied his application for a certificate of appealability and dismissed his appeal. *McAfee v. Stange*, No. 22-1023 (8th Cir. 2022). Petitioner's subsequent petition for rehearing by panel was denied on June 16, 2022.

**The Complaint and Supplements**

Prisoner Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against five defendants: (1) the State of Missouri; (2) Wesley Bell (St. Louis County Prosecutor); (3) Frederick Lemons (Police Officer in University City, Missouri); (4) Jesse Meindhart (Police Officer in University City, Missouri); and (5) Patrick J. Logan (Assistant Attorney General for the State of Missouri). ECF No. 1 at 1-4. Plaintiff names all defendants in both their individual and official capacities. *Id.*

Plaintiff titles his Statement of Claim section "Cruel and Unusual Punishment" and he divides it into three grounds for relief. In his first ground, Plaintiff appears to be seeking relief from the Eighth Circuit Court of Appeals in his appeal No. 22-1023, which he filed after he was denied a writ of habeas corpus by this Court in *McAfee v. Stange*, No. 1:21-cv-90-SRC. *Id.* at 4-5. In seeking that writ, Plaintiff states that he argued to this Court that Assistant Attorney General

Patrick Logan and St. Louis County Prosecutor Wesley Bell, knowingly convicted him in state court using false and perjured testimony from University City, Missouri Police Officers Lemons and Meindhart.[2]  As discussed above, the Court denied Plaintiff a writ of habeas corpus and a certificate of appealability in that matter, and Plaintiff appealed to the Eighth Circuit.  Now, in the instant § 1983 complaint (dated April 18, 2023), Plaintiff appears to be arguing that the Eighth Circuit should grant his appeal because this Court's denial of relief violated his due process rights under the First, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and other rights under the Missouri Constitution.  *Id.* at 5, 12.  However, the Eighth Circuit dismissed the appeal in case number 22-1023 on April 26, 2022 and denied rehearing by the panel on June 16, 2022.[3]

In his second ground for relief, Plaintiff argues that the defendants have violated public oath of offices, resulting in a "wanton infliction of pain and suffering" on Plaintiff, in violation of the Eighth Amendment.  Plaintiff demands a public jury trial for damages to determine whether defendants have "intentionally refused to perform the duties of their own laws."  *Id.* at 5.

Finally, in his third ground for relief, Plaintiff alleges that there is "overwhelming evidence" that he was wrongfully imprisoned after a confession was beaten out of him.  Therefore, he asserts that his sentence must be immediately vacated under constitutional law, due to his actual innocence.  It appears that Plaintiff is restating an argument that he made in another case filed here, which he cites to as "No. 1:21-cv-161-SRW," but appears to actually be case number 1:22-cv-161-SRW.[4]  In that case, Plaintiff sought a writ of mandamus directed against the State of Missouri,

---

[2] Plaintiff appears to make some version of this argument in the Traverse he filed in support of his petition for a writ of habeas corpus.  *See McAfee v. Stange*, No. 1:21-cv-90-SRC, ECF No. 16 at 7-8, 11 (E.D. Mo. 2021).

[3] The formal mandate was issued on June 23, 2022.

[4] On the Original Filing Form submitted with Plaintiff's Complaint in this matter, he states that this case is the "same cause, or a substantially equivalent complaint" as he previously filed in case number "1:22-cv-00161-SRW." ECF No. 1-1.

Prosecutor Wesley Bell, and Assistant Attorney General Logan.  He alleged that these parties had used false evidence to gain his conviction, had forced his confession, and had allowed police officers to perjure themselves.  The Court denied Plaintiff's petition for a writ of mandamus due to a lack of subject matter jurisdiction and dismissed the case.  Plaintiff appealed to the Eighth Circuit Court of Appeals, appellate case number 23-1583.  The Eighth Circuit issued a judgment summarily affirming that denial on May 26, 2023, and a formal mandate in accordance with that judgment on June 26, 2023.  Plaintiff seems to be reasserting the same actual innocence argument here, alleging that his continued unlawful imprisonment violates his rights to equal protection and due process.  *Id.* at 6.

Plaintiff states that he has sustained severe physical, emotional, and mental injuries from his unlawful imprisonment.  *Id.* at 5.  For relief, Plaintiff seeks appointment of counsel[5] to assist him in a public jury trial and unspecified "treatment."  *Id.* at 7.

Subsequent to filing his complaint, Plaintiff filed two supplementary documents with the Court. ECF Nos. 6-7.  In the first filing, dated May 15, 2023, Plaintiff repeats his arguments raised in his Complaint's third ground relief, regarding the Court's denial of his writ of mandamus.  ECF No. 6 at 1-2.  He expresses concern that the same Judge that denied that writ is assigned to this case, and he notices his intent to call the undersigned as a witness.  *Id.* at 1.

In the second supplemental filing, dated June 12, 2023, Plaintiff seeks to add exhibits to this case, including a notice regarding magistrate judge jurisdiction (ECF No. 7 at 4), his previously filed supplement (*Id.* at 5-6), and documents from his Eight Circuit appeal of this Court's denial of a writ of mandamus (*Id.* at 7-23).

---

[5] Plaintiff filed a separate motion for appointment of counsel (ECF No. 4) which is currently pending before the Court.

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). To the extent that Plaintiff seeks money damages, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent that Plaintiff is actually seeking to overturn his state court conviction, such relief is not cognizable in a § 1983 action. Plaintiff here is making the same arguments that he raised in petitions for writs of habeas corpus and mandamus. Since he was denied relief in those cases, he is now couching the same arguments as constitutional violations and seeking relief under 42 U.S.C. § 1983. Plaintiff cannot appeal his state court conviction and seek release from confinement under § 1983. Finally, it would be futile to construe this § 1983 action as a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 because the case would still be subject to dismissal. As such, Plaintiff's complaint fails to state a valid claim for relief and will be dismissed. 28 U.S.C. § 1915(e)(2)(B).

**I.      Section 1983 Claims for Money Damages are barred by *Heck v. Humphrey***

As for Plaintiff's demand for a "federal public jury trial to seek damages" against defendants, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). According to the Supreme Court's holding in *Heck*, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. at 486-87. *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

In this case, Plaintiff argues that he is actually innocent of the state court charges for which he was convicted. He alleges that the Court's denial of his petitions for writs of habeas corpus and mandamus, in regard to that state court conviction, violated his constitutional rights. If Plaintiff recovered damages on these claims, it would certainly imply that his state court conviction was invalid. Plaintiff's claims were denied in his 28 U.S.C. § 2254 habeas corpus action, as well as in his petition for mandamus. As such, Plaintiff's § 1983 claims here are barred by *Heck*.

## II.     Failure to State a § 1983 Claim

Although Plaintiff states that he seeks a jury trial for damages, appointment of counsel, and "treatment," it is clear from his arguments that he is actually seeking to overturn his state court conviction. ECF No. 1 at 7. However, Plaintiff cannot seek appellate review of his state court conviction from a federal court under § 1983. Release from confinement is not cognizable relief under § 1983. Furthermore, even if Plaintiff had stated a valid § 1983 claim, defendants State of Missouri, Bell, and Logan are all protected by immunity.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action"). Plaintiff fails to state a valid § 1983 claim

when he challenges the basis of his state court confinement.  Overruling his state court conviction and releasing him from confinement are not available under § 1983.

### a.  Defendant State of Missouri

Even if Plaintiff had stated a § 1983 claim, the State of Missouri is not a viable defendant here.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  However, a State is not a 'person' under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

In addition, the Eleventh Amendment[6] bars suit against a State and its agencies.  "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).  The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)).  For these reasons, even if Plaintiff had stated a valid claim, defendant State of Missouri would be dismissed.

---

[6] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

### b. Attorney Defendants Bell and Logan

Similarly, attorney defendants Bell and Logan were acting within their capacities as judicial officers of the court in Plaintiff's state court prosecution (Bell) and in Plaintiff's petition for a writ of habeas corpus in federal court (Logan). Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*). Bell and Logan were both acting within the judicial process in pursuit of Plaintiff's state court conviction and in defense of that conviction against habeas corpus relief. Therefore, even if Plaintiff's complaint had stated a valid claim against these defendants, they would be dismissed.

### III. Futility of Construing as 28 U.S.C. § 2254 Petition

Although Plaintiff could seek release from confinement under 28 U.S.C. § 2254, it would be futile to construe this action was one seeking a petition for writ of habeas corpus. Even if the Court construed the instant § 1983 complaint as a habeas action arising under § 2254, this case would still be subject to dismissal.

Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, however, "the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

Here, as detailed above, Plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in 2021. *See McAfee v. Stange*, No. 1:21-cv-90-SRC (E.D. Mo. 2021). The petition was denied on the merits, and the action dismissed on November 23, 2021. The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the subsequent appeal. *See McAfee v. Stange*, No. 22-1023 (8th Cir. 2022). Due to this earlier petition, petitioner's instant claims – if construed as arising under § 2254 – would be successive. Before bringing a successive petition under § 2254, petitioner must seek authorization from the Court of Appeals. That authorization has not been sought, much less granted, and thus, the petition would have to be dismissed.

In addition, Plaintiff may not bring a § 1983 action in order to avoid the procedural hurdles of a successive § 2254 action. "It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009) (determining that petitioner's Rule 60(b) and Rule 59 motions constituted a second or successive 28 U.S.C. § 2254 petition and were barred).

For these reasons, even if the Court construed the instant § 1983 action as a petition for writ of habeas corpus under 28 U.S.C. § 2254, the Court has no authorization to rule upon it and would have to deny and dismiss the petition as successive.

**Conclusion**

Plaintiff is again attempting to contest the legitimacy of his state court conviction – this time under 42 U.S.C. § 1983. To the extent he seeks money damages, his claims are barred by *Heck v. Humphrey*. To the extent he seeks a ruling that his state court conviction is invalid and he should be released, this is not cognizable relief under § 1983. Finally, the Court will not construe his § 1983 claims as claims seeking habeas corpus relief under 28 U.S.C. § 2254 because Plaintiff has already sought and been denied such relief from this Court. Plaintiff has not received permission from the Eighth Circuit Court of Appeals to bring a second or successive § 2254 petition. For all of these reasons, this case will be dismissed for failure to state a valid claim for relief under 28 U.S.C. § 1915 (e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $39.13 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants State of Missouri, Wesley Bell, Frederick Lemons, Jesse Meindhart, and Patrick Logan are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of July, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE