# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MICHAEL MCAFEE,         )
           )
        Plaintiff,      )
           )
    v.               )          No. 4:23-cv-526-SRW
           )
STATE OF MISSOURI, et al.,   )
           )
        Defendants.   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Michael McAfee's "Motion for Public Jury Trial Under: §'s: 610.010, RSMo., § 610.011 RSMo."[1]  ECF No. 27.  This civil matter has been closed for over a year.  ECF Nos. 8-9.  After being denied habeas relief under 28 U.S.C. § 2254 from the state court conviction for which Plaintiff is currently incarcerated, he filed this action under 42 U.S.C. § 1983 making the same arguments which failed in his habeas petition.  ECF Nos. 1 & 8.  This Court dismissed the case for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  ECF No. 8.  The Eighth Circuit Court of Appeals affirmed that dismissal.  ECF Nos. 19 & 21.  Since that affirmance, Plaintiff has filed three documents with the appellate court making a variety of arguments for relief.  ECF Nos. 24-26.  On August 6, 2024, more than a year after this Court dismissed Plaintiff's case, he filed the instant motion with the Court.  ECF No. 27.  He appears to be arguing that he is entitled to a hearing under the Missouri Sunshine Laws, based on the same arguments he made in his denied and dismissed habeas petition.  *Id.*

---

[1] Plaintiff appears to be referencing Missouri statutes concerning the public policy that state "meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public."  Rev. Mo. Stat. § 610.011.  As this is federal court, these Missouri statutes are not controlling here.

Plaintiff cites no applicable federal rule or statute under which he brings his motion. Liberally construing the motion, the Court presume he seeks reconsideration under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason).  Fed. R. Civ. P. 59(e), 60(b).  Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  This motion was filed over a year after dismissal.  "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances" and it is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court.  *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). There are no exceptional circumstances here and the Court will not reconsider merit arguments that have already been ruled upon.

Plaintiff's motion will be denied.  There are no grounds justifying the Court ordering an evidentiary hearing, based on Missouri state law, in this closed case.  As the Court explained in its dismissal order, Plaintiff cannot contest the validity of his state court conviction and seek release in an action brought under § 1983.  *See* ECF No. 8 at 8-9.  In addition, Plaintiff has already sought and been denied habeas relief under 28 U.S.C. § 2254.  To bring a second habeas petition, Plaintiff must receive permission from the Eighth Circuit Court of Appeals.  Petitioner has already sought and been denied that permission.

Finally, Plaintiff has abused the judicial process of this Court and has wasted the Court's limited resources by filing many pages of repetitious and frivolous letters and motions.  Since filing the instant motion, Plaintiff has filed yet another frivolous filing in this closed case.  *See* ECF No. 28.  To prevent further wasting of the Court's resources, the Court will prohibit Plaintiff

2

from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Pro Se Motion [ECF No. 27] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

**IT IS FINALLY ORDERED** that the Clerk shall not accept any additional documents or motions filed by Plaintiff in this closed action, except for a notice of appeal or appellate documents. If Plaintiff files an additional document or motion the Clerk shall return it to Plaintiff.

Dated this 2nd day of October, 2024.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE